**CENTENNIAL SAVINGS BANK FSB, Plaintiff-Appellant, Cross-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellee, Cross-Appellant.**

No. 88-1297.

United States Court of Appeals, Fifth Circuit.

June 19, 1991.

Edward S. Koppman, Kathleen J. St. John, Akin, Gump, Strauss, Hauer & Feld, Dallas, Tex., for plaintiff-appellant, cross-appellee.

Richard L. Bacon, Sp. Tax Counsel, U.S. League of Sav. Institutions, Washington, D.C., Thomas A. Pfeiler, Gen. Counsel, Chicago, Ill., for amicus curiae—U.S. League of Sav. Institutions.

Bruce R. Ellisen, Gary R. Allen, Chief, William S. Rose, Jr., Asst. Atty. Gen., Richard Farber, Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee, cross-appellant.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

(Opinion Nov. 2, 1989, 5th Cir.1989, 887 F.2d 595)

Before BROWN, WILLIAMS and JOLLY, Circuit Judges.

PER CURIAM:

In *United States v. Centennial Savings Bank FSB (Resolution Trust Corp. Receiver)*, —— U.S. ——, 111 S.Ct. 1512, 113 L.Ed.2d 608 (1991), the United States Supreme Court affirmed in part and reversed in part our decision in *Centennial Savings Bank FSB v. United States*, 887 F.2d 595 (5th Cir.1989). The Court reversed that part of the decision in which we upheld the district court's determination that the early withdrawal penalties Centennial received from certificates of deposit constituted "income by reason of discharge ... of indebtedness" and therefore were excludable from income under 26 U.S.C. § 108(a)(1).

The Supreme Court held that the penalties were not subject to exclusion from income under § 108 and directed entry of judgment in favor of the United States Government on this issue.

JUDGMENT ACCORDINGLY.